The defendant contends, however, that this court lacks jurisdiction to award plaintiff anything in this case because plaintiff's claims for refund do not specifically set forth, as a ground for recovery, that the Commissioner erroneously used the completed contract method in determining the Vinson Act excessive profits tax credit. The defendant further contends that the revenue agent's error cannot be corrected because plaintiff's claims for refund do not specifically set forth the error as a ground for recovery.

We think that both contentions of defendant are without merit. It is undisputed that a taxpayer cannot recover in court on a ground different from that asserted in the claim for refund, unless there is some action of the Commissioner which amounts to a waiver or estoppel. The plaintiff's claim for refund, *inter alia,* stated:

"The Internal Revenue Bureau has erroneously determined this taxpayer's excess profits tax payable in the amount stated in Item 6, Form 843, by failing to compute correctly its excess profits tax credit based on its average base period net income.

"In the determination of this taxpayer's average base period net income for the years 1936 to 1939, inclusive, the Internal Revenue Bureau has erroneously and illegally reduced the same by the following payments which this taxpayer made to the U. S. Treasury Department under the Vinson Act: * * *"

The above statements, along with the detail furnished in the claims for refund, are sufficient to support the refunds in this case, which are predicated on the ground that the Commissioner of Internal Revenue erroneously computed plaintiff's excess profits credit because of his incorrect treatment of the repayments of the Vinson Act excessive profits. Both errors of the Commissioner are covered generally in the grounds set forth in the claims for refund and are directly related to the specific issue of whether the excessive profits should be included or excluded from the base period years.

The plaintiff is entitled to recover the amounts set forth in Table VIII in finding 8, less the amounts shown in Table IX of that finding.

Judgment will be entered for plaintiff for overpayment of excess profits taxes and deficiency interest, less the income tax deficiencies, as follows: For 1940, $7,848.36 and $4,133.26; for 1941, $13,494.74 and $6,297.19, less $4,039.73; for 1942, $18,212.81 and $6,970.77, less $8,811.15; for 1943, $35,685.16 and $5,935.16, less $17,622.30, and for 1944, $37,667.67 and $4,004.83, less $17,622.30, with appropriate interest as provided by law on the respective amounts.

It is so ordered.

JONES, Chief Judge, and LARAMORE, MADDEN and WHITAKER, Judges, concur.

Milton **NEUFELD**

v.

The **UNITED STATES.**

No. 116–54.

United States Court of Claims.

Jan. 31, 1956.

Lino A. Graglia, New York City, with whom was Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LITTLETON, Judge.

Plaintiff, a veteran, who occupies a civilian position with the Navy which was reclassified from GS–13 (Civil Engineer) to GS–12 (General Engineer) sues to recover the difference in salary between the two grades alleging arbitrary action and procedural defects in violation of Section 14 of the Veterans' Preference Act of 1944.[1]

On October 18, 1951, plaintiff was given notice to be effective November 21, of the reclassification of his position in the Budget Division with the Naval Ordnance Test Station, Inyokern, China Lake, California. Finding 3. As part of a reorganization of that division, plaintiff's position as well as all technical positions in the division were desk audited in July of 1951, during which time the duties of plaintiff's position and the reclassification thereof were discussed with plaintiff. This consideration, discussion and audit resulted in the reclassification of plaintiff's position in addition to others in the Budget Division.

On October 29, 1951, plaintiff appealed the reclassification and his appeal was rejected by the Navy in a notice received by plaintiff on October 21, 1952. Decision on this appeal within the Navy had been delayed because of the possibility of additional appeals affecting other positions in the Budget Division. Plaintiff then pursued his appeal under Section 14 of the Veterans' Preference Act, first to the Twelfth Region of the Civil Service Commission and then to the Board of Appeals and Review of the Civil Service Commission. Both upheld the reclassification action that had been taken.

Carl L. Shipley, Washington, D. C., for plaintiff.

1. 58 Stat. 387, 390, amended 61 Stat. 723, 5 U.S.C.A. § 863.

Plaintiff alleges that the reclassification was wrongful on the following grounds: (1) He was denied his right to a hearing as authorized by section 14; (2) The notice of reclassification failed to sufficiently specify the reasons as required by section 14; (3) The failure of the Navy to rule on his appeal for almost one year was in violation of Civil Service Regulation, 5 CFR 9.102 (a) (1), which requires that the employee "be furnished at the earliest practical date with a written decision"; and (4) The reclassification of his position, not being taken in accordance with Government-wide standards, was arbitrary and capricious.

■ On the record in this case we find no merit in these contentions. Plaintiff received no personal hearing simply because he requested none. Section 14 provides that "such preference eligible shall have the right to make a personal appearance, * * * in accordance with such reasonable rules and regulations as may be issued by the Civil Service Commission; * * *." The regulation, 5 CFR 22.9(a) requiring that if a hearing is desired it be requested is certainly not an unreasonable one. Efficient administration fully justifies it.

■ The assertion that the notice of reclassification was not in compliance with section 14 because it lacked specificity must also fail. Position allocation or reclassification presents a different personnel action than that which involves specific and definite charges which are customarily appealed under section 14. While it may result, as it did here, in a reduction-in-pay for a particular employee, it is not directed against the individual but rather against the position which he holds. The qualifications and capabilities of the individual are not in issue. What are involved, of course, are the duties of a position, and generally, as was also the case here, attention must be given to more than one position. The many considerations involved are to be found in the lengthy decision by the Twelfth Region of the Civil Service Commission in the instant case. While we do not believe that because of this distinction, reclassification actions cannot come within the purview of section 14, as urged by defendant, we do believe that a different criterion exists where reclassification is involved in so far as the requirement of specificity of reasons is concerned. Stringer v. United States, 90 F.Supp. 375, 117 Ct.Cl. 30, 49. Civil Service Commission, Federal Personnel Manual, p. S1-29, as set forth in finding 11. We are of the opinion that the notice received here was sufficient. The suggestion to the contrary in *McNulty v. United States*, 126 Ct.Cl. 573, relative to the non-applicability of section 14 to reclassification proceedings should not be applied too broadly.

■ Because of the reclassification of other positions within plaintiff's office or division, and since the reclassification of one position may of necessity affect others, plaintiff waited eleven months for a decision by the Navy on his appeal. While a wait of that duration should not be required, it is, at the same time, not to be unexpected where, as here, the reclassification involves several interrelated positions. The Naval Civilian Personnel Instructions provide that if corrective action is granted, it is to be retroactive to the effective date of the personnel action.

■ The proof fails to sustain plaintiff's allegation of arbitrary and capricious action. The contrary is shown by the decision of the Twelfth Region which deals at length with the standards imposed and the many factors considered.

Plaintiff's petition is dismissed.

It is so ordered.

JONES, Chief Judge, and LARAMORE, MADDEN and WHITAKER, Judges, concur.